UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CITY OF BIRMINGHAM FIREMEN'S AND
POLICEMEN'S SUPPLEMENTAL
PENSION SYSTEM, individually and on
behalf of all others similarly situated,

    Plaintiff,

-v-

CREDIT SUISSE GROUP AG *et al.*,

    Defendants.

No. 17-cv-10014 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court is a putative class action brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") on behalf of investors who claim to have suffered damages as a result of Defendants' violations of various securities statutes. Now before the Court is a motion filed by the City of Birmingham Retirement and Relief System, Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Pension and Annuity Funds, and the International Brotherhood of Teamsters Local No. 710 Pension Plan (together, the "Institutional Investors") seeking (1) appointment as co-lead plaintiffs and (2) appointment of their chosen counsel as lead counsel. (Doc. No. 22 ("Mot.").) For the reasons set forth below, the Court appoints the Institutional Investors as co-lead plaintiffs and appoints the Institutional Investors' chosen attorneys, Saxena White P.A. ("Saxena White") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), as co-lead counsel for the class.

I. BACKGROUND

    On December 22, 2017, the City of Birmingham Firemen's and Policemen's Supplemental Pension System ("FPSPS") filed this suit under Sections 10(b) and 20(a) of the Securities Act of

1934, 15 U.S.C. §§ 78j(b) and 78tt(a), on behalf of a putative class of all individuals or entities that acquired Credit Suisse Group AG American Depository Receipts ("Credit Suisse ADRs") between March 20, 2015 and February 3, 2016. (Doc. No. 1 ("Compl.") at 1.) On the same day, FPSPS published a notice of the pending litigation. (*See* Doc. No. 23-1.) Pursuant to the PSLRA, motions for appointment as lead plaintiff were therefore due by February 20, 2018. 15 U.S.C. § 78u-4(a)(3)(A)(i). On that day, two motions were filed: the motion before the court and a motion on behalf of the City of Daytona Beach Police & Fire Pension Fund. (*See* Doc. Nos. 18–20 (Daytona Beach); 21–23 (Institutional Investors).) On March 6, 2018, Daytona Beach filed a notice of non-opposition to the Institutional Investors' motion. (Doc. No. 32.)

## II. Lead Plaintiffs

Under the procedures set out by the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute creates a rebuttable presumption in favor of the "person or group of persons" that (i) either filed the lawsuit or timely moved for appointment as lead plaintiff; (ii) "has the largest financial interest in the relief sought by the class"; and (iii) "otherwise satisfies the requirements" of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Even if no interested individual or entity (or group thereof) seeks to rebut the presumption in favor of the group with the largest financial interest, courts independently examine whether the purported lead plaintiff satisfies the requirements of the PSLRA. *See Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, *1 (S.D.N.Y. Mar. 2, 2017) (collecting cases).

The Institutional Investors "satisfied the first requirement" of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), "making a motion in response to a notice, when they moved for appointment as

lead plaintiffs."[1] *Springer*, 2017 WL 838197, at *1. Second, the Institutional Investors have the largest financial interest of any plaintiff or group of plaintiffs seeking to represent the class. The Institutional Investors contend that they lost $1,282,456 dealing in Credit Suisse ADRs during the class period (Mot. at 6–7; *see also* Doc. Nos. 23-2, 23-3) – which, though this motion is unopposed, in any event exceeds the $152,135.34 in losses incurred by Daytona Beach (Doc. No. 19 at 5) – and which is "significant enough" to "rende[r] them suitable to serve as lead plaintiffs, *Logan v. QRx Pharma Ltd.*, No. 15 Civ. 4868(PAE), 2015 WL 5334024, *2 (S.D.N.Y. Sept. 14, 2015).

Third, the Institutional Investors "have made a sufficient preliminary showing that they can satisfy the relevant requirements of Federal Rule of Civil Procedure 23." *Springer*, 2017 WL 838197, at *2. At this stage, "courts have required only a *prima facie* showing that the requirements of Rule 23 are met." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277–78 (S.D.N.Y. 2015). And, of the four Rule 23(a) requirements, only "[t]ypicality" and "adequacy" are "relevant to a determination of a lead plaintiff under the PSLRA." *Sallustro*, 93 F. Supp. 3d at 278. To satisfy the typicality requirement, the lead plaintiff's claims must "'arise[] from the same course of events'" as the class's claims and rely on "'similar legal arguments to prove the defendant's liability.'" *Id.* (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the lead plaintiff's claims need not be identical to the claims of the class to satisfy the preliminary showing of typicality." *Id.* (internal quotation marks and brackets omitted). To be "adequate," a lead plaintiff must show that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the

---

[1] The relationship between the FPSPS and the City of Birmingham Retirement and Relief system is unexplained, though the two entities appear to serve government workers in the same municipality and are represented by the same attorneys (Saxena White).

3

proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.*

The Institutional Investors meet the typicality threshold. The Individual Investors' theory of injury mirrors the Complaint – the Institutional Investors contend that they purchased Credit Suisse ADRs at prices which were kept artificially high by Defendants' false and misleading statements and were injured as a result. (*Compare* Mot. at 9 *with* Compl. ¶¶ 48–52.) *See also Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 WL 4831209, *2 (S.D.N.Y. Oct. 12, 2011) ("The typicality requirement is easily met here. [Lead Plaintiff], like the other purported plaintiffs in this lawsuit, as asserted that it purchased Fairfax securities during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Acts.").

The Institutional Investors also satisfy the adequacy requirement. *See Sallustro*, 93 F. Supp. 3d at 278. The Institutional Investors' substantial losses provide a sufficient incentive to vigorously litigate this case, there are no indicia of conflicts between the Institutional Investors and the putative class, and the Institutional Investors' chosen counsel appear to be experienced in the realm of PSLRA class-action litigation. (*See* Doc. Nos. 23-5, 23-6.) And, the Institutional Investors' status as a group is no barrier to appointment as lead plaintiff. "[A]s the statute makes clear, '[g]roups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff.'" *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742, *3 (S.D.N.Y. Jan. 19, 2017) (quoting *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009)). Further, although some courts in this District have looked with disfavor on "groups whose members have no common connection other than their lawyers,"

*id.* at *4 (quoting *In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, *2 (S.D.N.Y. May 13, 2016)), three of Institutional Investors have previously served together as lead plaintiff in a PSLRA class action in this district (Doc. No. 23-4 ¶ 10). The Institutional Investors also attest that they "understand that [they] owe a duty to all members of the proposed Class" and promise that they will "work with one another and with our chosen counsel to protect the interests of all Class members." (Doc. No. 23-4 ¶ 13.) Accordingly, the Institutional Investors have made a *prima facie* showing that their group will be able to adequately represent the interests of the absent class members. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (listing "[f]actors that courts have considered" when evaluating a proposed lead plaintiff group, including "plans for cooperation").

Because the Institutional Investors have, to this point, satisfied all of the PSLRA requirements, the Court appoints the Institutional Investors as lead plaintiffs.

### III. LEAD COUNSEL

The PSLRA provides that the lead plaintiff(s) "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro*, 93 F. Supp 3d at 279 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). But, the presumption is not conclusive. The Court is empowered to reject lead plaintiffs' chosen counsel when necessary to "protect the interests of the class." *Weltz v. Lee*, 199 F.R.D. 129, 134 (S.D.N.Y. 2001).

Here, the Institutional Investors have chosen Saxena White and Cohen Milstein to serve as co-lead counsel. (Mot. at 11–12.) As evidenced by the firm resumes submitted in support of the Institutional Investors' motion, both firms have substantial experience in PSRLA litigation. (Doc. Nos. 23-5, 23-6.) The Court is not concerned that the Institutional Investors' chosen firms will

fail to protect the putative class's interests. Accordingly, the Court approves the Institutional Investors' choice of Saxena White and Cohen Milsten as co-lead counsel for the putative class.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Institutional Investors' motion for appointment as lead plaintiffs is GRANTED. Thus, the City of Birmingham Retirement and Relief System, Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Pension and Annuity Funds, and the International Brotherhood of Teamsters Local No. 710 Pension Plan shall serve as co-lead plaintiffs. IT IS FURTHER ORDERED THAT Saxena White, P.A. and Cohen Milstein Sellers & Toll PLLC shall serve as co-lead counsel for the putative class. As provided in the Court's March 1, 2018 Order (Doc. No. 31), the Institutional Investors shall file a consolidated amended complaint with thirty days of the date of this order – that is, by April 18, 2018.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 18 and 21. The Clerk of Court is also respectfully directed to change the caption of this action to "*City of Birmingham Retirement and Relief System et al. v. Credit Suisse Group AG et al.*"

SO ORDERED.

Dated:     March 19, 2018
             New York, New York

                                                RICHARD J. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE