UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                  :

CITY OF BIRMINGHAM RETIREMENT AND :
RELIEF SYSTEM, et al.,                       :

                          Plaintiffs,   :        17 Civ. 10014 (LGS)
                                    :

            -against-                :        **OPINION AND ORDER**
                                    :

CREDIT SUISSE GROUP AG, et al.,       :
                          Defendants. :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/16/2019___

LORNA G. SCHOFIELD, District Judge:

Defendants move for reconsideration of the Court's February 19, 2019, order denying in part their motion to dismiss (the "Order"). For the reasons discussed below, the motion for reconsideration is denied. Familiarity with the underlying facts and the motion to dismiss is assumed.

I.    **STANDARD**

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*,

584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

## II.   DISCUSSION

Defendants seek reconsideration arguing that the Court mischaracterized Defendants' risk management structure and that, in holding that CS disclosed the extent and nature of the risks associated with the Distressed Portfolio, the Order eliminates any theory of loss causation tied to statements concerning the risk limits.  Defendants also seek reconsideration based on clear factual error.  In Defendants' view, the Court overlooked that Defendant Tidjane Thiam did not arrive at Credit Suisse ("CS") until July 2015 and consequently, the Court overlooked that Plaintiffs failed to allege scienter as to Thiam and that Plaintiffs do not have standing.

Defendants' motion for reconsideration is denied as to whether the statements related to the risk limits are actionable.  The Court already considered Defendants' arguments and found that statements regarding the risk limits were materially misleading.  *See City of Birmingham Ret. and Relief Sys. v. Credit Suisse Grp. AG*, No. 17 Civ. 10014, 2019 WL 719751, at *5 (S.D.N.Y. Feb. 19, 2019).  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *accord Henry v. Pierce,* No. 11 Civ. 00845, 2019 WL 1284074, at *2 (S.D.N.Y. Mar. 20, 2019).

Defendants also argue that the Court overlooked that the actionable statements on binding risk limits could not have caused Plaintiffs' loss.  Defendants state that the "Court's holding that CS adequately disclosed the risks associated with CS's actual investments that ultimately led to the write-downs destroys Plaintiffs' ability to show loss causation arising from the risk limits themselves."  Defendants mischaracterize the Court's holding.  The Court held that the risk

exposure in the distressed portfolio was known to the extent that Defendants' October 21, 2015,

statements were not materially misleading. During the October 2015 earnings call, Thiam stated:

> Then you've got the two ugly ducklings that nobody likes, securitized products
> and credit. Because they generate a lot of profit, but they consume a lot of
> capital. But personally, to generate 35% or 40% of return I don't mind burning
> some capital . . . 35-40% -- as an incoming CEO in a company that doesn't have
> enough profit, not enough capital, that's not my top priority to tackle this.

The Court held that Defendants' statement was not materially misleading because during

the same earnings call, Defendants disclosed that CS's holdings in securitized products and

credit were capital intensive and CS was implementing a "right-sizing approach." The Court's

holding that the extent of the risk was known is limited to statements about the distressed

portfolio in connection with the October 21, 2015, earnings call.

That the risk in the distressed portfolio was known such that the October 21, 2015,

statements are not actionable does not necessitate a finding that Defendants' statements about its

risk limits did not cause Plaintiffs' loss. The Order does not conclude that the extent of the risk

was known with respect to CS's positions that led to the February 4, 2016, write-down.[1] As

stated in the Order, the Complaint plausibly alleges that Defendants' materially misleading

statements regarding its risk limits caused the February 4, 2016, loss. *City of Birmingham Ret.*

*and Relief Sys.*, 2019 WL 719751, at \*8. *Carpenters Pension Tr. Fund of St. Louis v. Barclays*

*PLC*, 750 F.3d 227, 233 (2d Cir. 2014) ("Plaintiffs need not demonstrate on a motion to dismiss

---

[1] On February 4, 2016 -- over three months after Defendants' disclosures about illiquid assets in the distressed portfolio and two months after CS "retired and replaced" its risk limits in November 2015 -- Defendants disclosed that CS had amassed a $633 billion write-down due to losses in its collateralized loan obligations and distressed debt positions. CS's ADR price consequently declined 11 percent. *City of Birmingham Ret. and Relief Sys.*, 2019 WL 719751, at \*8.

that the corrective disclosure was the only possible cause for decline in the stock price.").[2]

Accordingly, the Complaint sufficiently pleads that the material misstatements regarding risk

limits caused Plaintiffs' loss.

Defendants argue that Plaintiffs fail to allege scienter as to Thiam. The Court already

considered Defendants' arguments and found that Thiam acted with scienter. *See City of*

*Birmingham Ret. and Relief Sys.*, 2019 WL 71971, *7-8; *see also Shrader*, 70 F.3d at 257.

Accordingly, Defendants' argument that Plaintiffs have not pled a control person claim against

Thiam is also denied.

Lastly, Defendants' argument that Plaintiffs lack standing to pursue claims against Thiam

is inappropriate on a motion for reconsideration. Defendants failed to raise this issue in the

motion to dismiss and bring it for the first time on reconsideration. *Steinberg v. Elkman*, 2016

WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v.*

*Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) ("'A party may not advance new facts, issues or

arguments not previously presented to the Court' on a motion for reconsideration.").

---

[2] Defendants' reliance on *In re QLT Inc. Sec. Litig.*, 312 F. Supp. 2d 526, 536 (S.D.N.Y. 2004) is misguided. That the Court held that "the market was aware of the extent of CS's risk exposure" with respect to the "securitized products and credit" discussed at the October 21, 2015, earnings call, *City of Birmingham Ret. and Relief Sys.*, 2019 WL 719751, at *7, does not mean that CS's materially misleading statements regarding the risk limits were too attenuated from the loss so as to preclude loss causation. The Complaint plausibly alleges that Defendants' repeated raising of its risk limits lead to the February 4, 2016, write-down and Plaintiffs' loss.

Because Defendants have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth*, 729 F.3d at 104, the motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to close the open motion at Docket No. 67.

Dated: May 16, 2019
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE