**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al.,

Plaintiff,

v.

CREDIT SUISSE GROUP AG, et al.,

Defendants.

Case No: 17 Civ. 10014 (LGS)

**FINAL ORDER AND JUDGMENT**
**APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a putative class action is pending in this Court entitled *City of Birmingham Retirement and Relief System et al. v. Credit Suisse Group AG et al.*, No. 1:17-cv-10014-LGS (the "Action");

WHEREAS, (a) Lead Plaintiffs City of Birmingham Retirement and Relief System, Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds, Teamsters Local 456 Pension and Annuity Funds, and the International Brotherhood of Teamsters Local No. 710 Pension Plan, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Credit Suisse Group AG ("Credit Suisse," or the "Company"), and Brady W. Dougan, Tidjane Thiam, and David R. Mathers ("Individual Defendants" and, together with Credit Suisse, "Defendants"), have entered into a Stipulation And Agreement Of Settlement dated July 8, 2020 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, the Court held a preliminary approval hearing on August 17, 2020. Following that hearing, the Court directed the parties to provide (1) a revised notice including information regarding the reasonableness off the Settlement amount, (2) additional information regarding estimated deductions from the Settlement Fund and (3) details of fee sharing arrangements between counsel. The Court also directed the parties to modify the plan of allocation to require only reasonable investigation to determine a claimant's status as a settlement class member and to provide for Court-approved distribution of residual settlement funds. The parties provided the requested information and modified the plan of allocation accordingly;

WHEREAS, by Order dated August 24, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on December 10, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the ADRs of Credit Suisse between March 20, 2015, and February 3, 2016, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Credit Suisse (at all relevant times); (iii) members of their immediate families and their legal representatives, successors or assigns; and (iv) any firm or entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the

Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects except as set forth in any of the Court's Orders (including approving, without limitation: the amount of the Settlement; the

Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Court's Orders and the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. No persons or entities are excluded from the Settlement Class pursuant to request.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever

compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

10. Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claims.

11. Notwithstanding paragraphs 9 through 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Bar Order** – Upon the Effective Date, all future claims and claims over by any individual or entity against any of the Defendants' Releasees, and by the Defendants' Releasees against any individual or entity, for (a) contribution or indemnity, however denominated on whatsoever theory, based upon, arising out of, or relating to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal,

common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); *provided, however,* that the Bar Order shall not preclude the Defendants from seeking to enforce any rights they may have under their applicable insurance policies or any right of indemnification or contribution that the Individual Defendants may have under contract or based on the charter and by-laws of Credit Suisse.

13. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

14. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions** – Neither this Judgment, nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce

the terms of the Settlement.

16. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

17. **Reports of Claims Administration Status** – Following the entry of this Order, Lead Counsel shall provide the Court with interim reports every forty-five days on the claims administration process. The interim reports shall summarize the status of the claims administration process, whether settlement administration fees are anticipated to exceed $350,000, and whether an application for cy pres distribution is anticipated.

18. **Report Following Completion of Claims Administration** – After the Claims Administrator completes the administration process, Lead Counsel shall file a motion for distribution of the Settlement Fund, which shall provide the Court with information regarding the claims administration process including but not limited to the number of claims submitted, total amount of claims, total expenses incurred by the Claims Administrator to date, whether its total expenses are anticipated to exceed $350,000, and whether an application for cy pres distribution is anticipated.

19. **Summary of Distribution** –After the Settlement Fund is distributed to Class members and, in the opinion of the Claims Administrator and Lead Counsel, there are no remaining funds to be distributed or there are insufficient funds to make a further distribution economically

feasible, Lead Counsel shall file with the Court a further motion which shall provide the Court with information regarding the claims administration process including but not limited to the amount of the Settlement Fund distributed to Class members and, if warranted, an application for cy pres distribution and/or application for payment of and claims administration fees in excess of $350,000.

20. **Plan of Allocation and Attorneys' Fees** – Separate orders will be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

21. **Reasonable Extensions of Time** – Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

22. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of July 8, 2020, as provided in the Stipulation.

23. **Entry of Final Judgment** – There is no just reason to delay the entry of this

Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to enter immediately this final judgment in this Action.

SO ORDERED

Dated: December 16, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**