# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al., <br><br> Plaintiff, <br><br> v. <br><br> CREDIT SUISSE GROUP AG, et al., <br><br> Defendants. | Case No.: 1:17-cv-10014-LGS <br><br> **[PROPOSED] ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND** |

WHEREAS, in the above-captioned action (the "Action"), the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on December 16, 2020, the Court granted Lead Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement, and on December 17, 2020 entered an Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses to Lead Plaintiffs and an Order Approving Plan of Allocation (ECF Nos. 156-158) and retained jurisdiction over the Action, including the administration and distribution of the Net Settlement Fund;

WHEREAS, on December 16, 2020, the Court entered a Final Judgment and Order of Dismissal of the Action (ECF No. 157 );

WHEREAS, as referred to in the Order Preliminarily Approving Settlement and Providing for Notice filed on August 24, 2020 (ECF No. 141), the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was January 20, 2021;

WHEREAS, as reflected in the Declaration of Jordan Broker in Support of Lead Plaintiffs' Motion for Order Authorizing Distribution of Class Action Settlement Proceeds ("Broker Dec." or "Broker Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims, and has made a recommendation as to the eligibility of each submitted claim;

WHEREAS, Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiffs' Notice of Motion and Motion for Approval of Distribution of Net Settlement Fund, the Memorandum of Law in support thereof, the Broker Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Amended Stipulation of Settlement filed on August 19, 2020 (the "Stipulation," ECF No. 138-2) and in the Broker Declaration, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, or in the Broker Declaration.

2. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The claims set forth in Exhibit C-1 ("Timely Eligible Claims") and Exhibit C-2 ("Late but Otherwise Eligible Claims") to the Broker Declaration are APPROVED, and the distribution of the Net Settlement Fund to the Authorized Claimants is AUTHORIZED.

4. Wholly ineligible or otherwise deficient claims ("Rejected Claims"), as set forth in Exhibit C-3 to the Broker Declaration, are REJECTED.

5. Claims with a Recognized Claim amount of zero ("No Loss"), as calculated under

the Court-approved Plan of Allocation, and as set forth in Exhibits B and C-3 are REJECTED, and the Claims Administrator will send a No Loss letter advising claimants.

6. Epiq Class Action & Claims Solutions, Inc. ("Epiq") is to conduct an initial distribution, after deducting $385,000 in remaining fees and expenses to itself, $1,007,500.00 in attorneys' fees to be paid following the completion of distribution, $19,979.00 in cost awards to Lead Plaintiffs to be paid following the completion of distribution, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees as follows:

a. Epiq shall calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the fund in accordance with the Plan of Allocation;

b. Pursuant to the terms of the Plan of Allocation, Epiq shall eliminate any Authorized Claimant whose award amount calculates to less than $10.00. Such Claimants shall not receive any distribution from the Net Settlement Fund, and Epiq shall send letters to those Authorized Claimants advising them of that fact;

c. After eliminating Claimants who would have received less than $10.00, Epiq will calculate the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more pursuant to the calculations ("Distribution Amounts");

d. Epiq shall then prepare checks for the distribution and registers of such distributions, and send the payments by prepaid first-class mail, after the list of Authorized Claimants is compared to Epiq's internal list of claimants who have been identified as potentially fraudulent filers. Finally, Epiq will issue replacement payments for distributions upon request by payee, and will respond to inquiries about distribution amounts and Recognized Loss Amount calculations;

e. All Initial Distribution checks shall bear the following notation: "DEPOSIT

PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION";

f. Authorized Claimants who do not negotiate their Initial Distribution checks in accordance with the Plan of Allocation shall irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be re-distributed to other Authorized Claimants in the Second Distribution described below. Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted or on the conditions set forth in the Plan of Allocation, will irrevocably forfeit any further recovery from the Net Settlement Fund; and

g. After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Broker Declaration, but no earlier than six (6) months after the Initial Distribution, if any balance is remaining and if cost effective, Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), $1,007,500.00 in attorneys' fees and $19,979.00 in cost awards to Lead Plaintiffs to be paid following the completion of distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment, and (2) are entitled to at least $10.00 from the re-distribution based on their pro rata share of the remaining funds.

h. At such time as Lead Counsel, in consultation with Epiq, determine that a further

re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after deducting the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, $1,007,500.00 in attorneys' fees to be paid following the completion of distribution, $19,979.00 in cost awards to Lead Plaintiffs to be paid following the completion of distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and subject to the review and approval of the Court.

7. In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims received after April 1, 2021 from eligibility in the distribution of the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

8. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they have claimed against, they received, or they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, or Plaintiffs' Counsel, the Claims Administrator, the escrow agent or any other agent retained by Plaintiffs or Lead Counsel, and are bound by all of the terms of the Stipulation, including the terms of the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims, or in connection with the administration of the Settlement, or to claim against

the Net Settlement Fund for any amount greater than that allocated to such Class Member as a result of its submission of a valid proof of claim.

9. Epiq shall be paid the outstanding balance of its fees and expenses in connection with the services performed, and to be performed, in administering the Proof of Claim Forms and distributing the Initial Distribution of Net Settlement Fund in the total amount of $385,000.

10. Epiq is authorized to destroy the paper and electronic copies of the Proof of Claim forms, and all related documentation, one (1) year after the distribution of the Net Settlement Fund is complete.

11. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this 21st day of June, 2021.

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Copies:

Counsel of Record

6