UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:17-cv-10014-LGS ) |
| CREDIT SUISSE GROUP AG, et al., | ) **CLASS ACTION** ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AN ORDER DIRECTING *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**

**I.      INTRODUCTION**

This memorandum is submitted in support of Lead Plaintiffs' unopposed motion for an order authorizing and directing the contribution of the remaining balance of the Net Settlement Fund in this class action to the Institute for Law & Economic Policy ("ILEP"). A balance of $787.97 remains in the Net Settlement Fund, which is unclaimed following a full distribution to the Authorized Claimants as a result of uncashed and voided checks. Further distribution would not be cost effective or efficient. For the reasons set forth below, Lead Plaintiffs' motion should be granted.

**II.      FACTUAL BACKGROUND**

Lead Plaintiffs in the above-captioned action reached a settlement of all Settlement Class claims against Defendants for a cash payment of $15.5 million for the benefit of the Settlement Class. The Court granted final approval of the terms of the Settlement and the Plan of Allocation on December 16, 2020. ECF No. 156, 157. After issuing Notice to the Class and submission of Proofs of Claim, the Net Settlement Fund was distributed to members of the Class pursuant to an

order of the Court dated June 21, 2021.  ECF No. 168.

The Distribution Order provides that, "At such time as Lead Counsel, in consultation with Epiq, determine that a further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund . . . shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and subject to the review and approval of the Court."  *Id.*, ¶6(h).

The distribution of the Net Settlement Fund was overseen by Epiq Class Action & Claims Solutions, Inc. ("Epiq").  Declaration of Jordan Broker ("Broker Decl.," attached hereto as Ex. A), ¶2.  During the administration process, Epiq monitored returned checks, processed and responded to inquiries received from claimants through correspondence, and processed requests for the reissuance of checks.  ¶6.  Following these efforts, a balance of $787.97 remains in the Net Settlement Fund account maintained for the Class.  ¶7.

For the reasons below, and pursuant to Paragraph 6 of the Court's Distribution Order, Lead Counsel respectfully requests that the Court issue an order authorizing and directing a *cy pres* distribution of the remaining balance of the Net Settlement Fund in this class action, $787.97, to ILEP.  A *cy pres* distribution to this charitable organization is appropriate here given the inefficiency of further distribution and the role of ILEP in protecting investors.

Further, Counsel for Lead Plaintiffs have conferred with counsel for Defendants, and Defendants are unopposed to the relief sought herein.

### III. ARGUMENT

*Cy pres* is a procedural mechanism used in class actions if the administrability (or, in this case, further distribution) of settlement funds is infeasible.  *See In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016) ("[C]*y pres* designations should be made only when it is

'not feasible to make further distributions to class members'" (internal citations omitted) (quoting *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015))); *see also Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007) (noting that *cy pres* should be used in circumstances in which a distribution is not economically feasible "or because each class member's recovery would be so small as to make an individual distribution economically impracticable"); Newberg on Class Actions § 12:32 (5th ed. 2014) ("Courts in every circuit, and appellate courts in most, have approved the use of *cy pres* for unclaimed class action awards."). *Cy pres* has been applied by this District to allow remaining funds to be used for a purpose consistent with the goals of the underlying litigation. *See Citigroup*, 199 F. Supp. 3d at 848 (adopting approach of "approving counsel's *cy pres* designees if they reasonably approximate the interests of the class"); *Chen v. XpresSpa at Terminal 4 JFK LLC*, 2021 WL 4487835, at *6 (E.D.N.Y. Oct. 1, 2021) ("courts should defer to the cy pres selection of plaintiffs and their counsel unless there is good cause not to defer") (internal quotation marks omitted).

As explained below, the Net Settlement Fund satisfies the requirements of the *cy pres* doctrine due to the administrative burden and inefficiency that would result from further distribution of the remaining funds, as well as the benefit *cy pres* provides for the Class. As such, the Court should approve distribution of the remaining funds to ILEP.

### A. Further Distribution of the Residual Net Settlement Fund Is Not Economically Viable

Administration of residual net settlement funds is infeasible if the claim amounts are too small to make distribution economically viable. *See Citigroup*, 199 F. Supp. 3d. at 849 & n.3 (noting that "[n]umerous courts in [the Second C]ircuit have considered—and applied—[the American Law Institute's ("ALI")] Principles of the Law of Aggregate Litigation," which provide that a distribution should be made to class members until "the amounts involved are too small to

3

make individual distributions economically viable" (quoting ALI Principles § 3.07(b))). In the Credit Suisse matter it is clear, and precedent in this District supports, that a *cy pres* distribution is most appropriate because the distribution amounts would be too small to justify another distribution.

In *Citigroup*, a securities class action stemming from the subprime mortgage crisis, the Court approved a *cy pres* award to South Brooklyn Legal Services, the National Consumers League, and the Consumer Federation of America as appropriate where distribution to the class was not feasible. *See Citigroup*, 199 F. Supp. 3d at 849 n.3, 852.

Here, given the amount remaining, $787.97, a redistribution would not be cost effective or efficient. Broker Decl. at ¶8. Accordingly, a *cy pres* award would maximize the value of the remaining Net Settlement Fund by efficiently donating the proceeds and avoiding the expense and inefficiencies of further distribution.

**B.  *Cy Pres* and Distribution to ILEP Will Indirectly Benefit the Class**

Unclaimed settlement proceeds should be used for a purpose similar to the objectives of the underlying litigation to indirectly benefit the class. *See Citigroup*, 199 F. Supp. 3d at 852 ("[C]ounsel's cy pres designees [should be approved] if they reasonably approximate the interests of the class."). Here, donating the residual proceeds to ILEP will not only indirectly benefit the Class but also is an effort to select a reputable organization whose mission is related to the objectives underlying the lawsuit.

ILEP is a reputable 501(c)(3) charitable organization and is a public policy research and education foundation "whose mission is to preserve, study, and enhance investor and consumer access to the civil justice system." Institute for Law & Economic Policy, http://www.ilep.org. Further, the organization has a more than twenty-year history of research, symposia and

publications with scholars showing that not only is ILEP's mission directly related to the underlying reasons for litigation, but their experience suggests they will continue to research issues related to this litigation in the future. Therefore, by approving a *cy pres* distribution to ILEP, the Court would award the remainder of the Net Settlement Fund to an organization that has a direct relation to the underlying reason for this litigation.

## IV. CONCLUSION

For all the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter an order authorizing the contribution of the remaining balance of the Net Settlement Fund to ILEP. As noted above, Defendants are unopposed to the relief sought herein.

Dated: May 26, 2022

Respectfully Submitted,

/ s / *Carol V. Gilden*
Carol V. Gilden (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
(312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com

/ s / *Daniel S. Sommers*
Daniel S. Sommers (pro hac vice)
Molly Bowen (pro hac vice pending)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500 East
Washington, DC 20005
(202) 408-4600
Fax: (202) 408-4699
dsommers@cohenmilstein.com
mbowen@cohenmilstein.com

/ s / *Steven B. Singer*
Steven B. Singer (SS-5212)
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, New York 10606
(914) 437-8551
Fax: (888) 631-3611
ssinger@saxenawhite.com

Maya Saxena
Joseph E. White, III (JW-9598)
Lester R. Hooker
Adam D. Warden (pro hac vice)
SAXENA WHITE P.A.
7777 Glades Road
Suite 300
Boca Raton, FL 33434
(561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
awarden@saxenawhite.com

*Co-Lead Counsel for Lead Plaintiffs and for the Proposed Class*